IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **FREDERICK MITCHELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 21-00033-CV-W-MDH-SSA |
| | ) |
| **KILOLO KIJAKAZI,** | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

Before the Court is Plaintiff's Application for Attorney's Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. (Doc. 24). Plaintiff's Motion seeks $5,590.60, and Defendant agrees this amount is reasonable. (Doc. 25). The EAJA creates a right to attorney fees in civil actions against the government. The EAJA statute provides legal fees may be allowed only for an adversary action, such as a SSA claim in district court. 42 U.S.C. § 406(b)(1); *Clifton v. Heckler*, 755 F.2d 1138 (5th Cir. 1985).

In determining whether the attorney fees requested by a qualified Plaintiff are "reasonable," Section 2412(d)(2)(A) of EAJA specifies a statutory cap of $125.00 per hour, which should be adjusted for increases in the cost of living. The Eighth Circuit has held that the Consumer Price Index constitutes appropriate proof of the cost of living increase since the original enactment of EAJA, and justifies an award higher than the statutory rate of $75. *Stanfield v. Apfel*, 985 F. Supp. 927, 930-931 (E.D. Mo. 1997) (decision approving as "reasonable" in 1997 an hourly rate of $128.36 per hour) *citing Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990). The statutory

hourly rate under the EAJA was increased from $75 to $125 per hour for cases commenced on or after March 26, 1996.

Further, in determining the reasonableness of the hours claimed in Plaintiff's request, the Court must rely upon its own knowledge, experience, and expertise of the time required completing similar activities by lawyers of reasonably comparable skill, experience, and reputation. *Shepherd v. Apfel*, 981 F. Supp. 1188, 1192 (S.D. Iowa 1997) *citing Gilbert v. City of Little Rock, Arkansas*, 867 F.2d 1063, 1066 (8th Cir. 1989). Defendant has no objection to Plaintiff's requests for attorney's fees in the amount of $5,590.60, representing 25.7 hours of attorney work.

Therefore, Plaintiff's Attorney's Motion is **GRANTED**, and it is **ORDERED** that Plaintiff is awarded $4,539.00 to be paid by the Social Security Administration. Plaintiff has signed an Assignment of EAJA Fees in this case. The award is to be made payable to Parmele Law Firm. The Court acknowledges that, in accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA fee is payable to Plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States.

**IT IS SO ORDERED.**

Dated: May 10, 2022                                        */s/ Douglas Harpool*
                                                         **DOUGLAS HARPOOL**
                                                         **United States District Judge**